This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

     Plaintiff-Appellee,

v.                                             **NO. 28,725**

**DAVID M. P., JR.,**

     Child-Appellant.

**APPEAL FROM THE DISTRICT COURT OF LUNA COUNTY**
**Henry R. Quintero, District Judge**

Gary K. King, Attorney General
Santa Fe, NM
Joel Jacobsen, Assistant Attorney General
Albuquerque, NM

for Appellee

Gary C. Mitchell, P.C.
Gary C. Mitchell
Ruidoso, NM

for Appellant

**MEMORANDUM OPINION**

**CASTILLO, Chief Judge.**

Child appeals his sentence challenging the constitutionality of NMSA 1978, Section 32A-2-20 (2005) (amended 2009), and he argues that a jury, not the district court, must determine the issue of his amenability to treatment as a juvenile. Child also claims that the district court abused its discretion in determining that he was not amenable to treatment or, in the alternative, that there was insufficient evidence for that determination. We affirm.

**BACKGROUND**

In August 2007, Child, who was seventeen years old at the time, attended a party where he consumed a considerable amount of alcohol. In doing so, Child violated the terms of his probation for a prior delinquent act. Several fights occurred during the party; at one point, several individuals, including Child, attacked a young man and struck him violently and repeatedly. The victim suffered fatal injuries and died. As a result of his participation in the attack, Child was charged with second degree murder, conspiracy to commit second degree murder, two counts of aggravated battery, and aggravated assault. The State filed a notice to adjudicate Child as a youthful offender and to seek an adult sentence.

Child accepted a plea and disposition agreement whereby he agreed to plead no contest to aggravated battery and conspiracy to commit aggravated battery in return for dismissal of the other charges. The terms included a waiver of

any and all motions, defenses, objections or requests which [Child] has made or raised, or could assert hereafter, to the court's entry of judgment and imposition of a sentence consistent with this agreement. [Child] waives the right to appeal the conviction that results from the entry of this plea agreement.

The agreement provided for two possible sentencing outcomes: (1) if Child was sentenced as a juvenile, the maximum sentence possible was commitment to the New Mexico Children, Youth, and Families Department for up to two years with the possibility of one-year extensions until Child reached the age of twenty-one; (2) if sentenced as an adult, Child faced a maximum penalty of four and one-half years' incarceration with the New Mexico Department of Corrections.

Pursuant to Section 32A-2-20, the district court held an amenability hearing to determine whether Child should be sentenced as a juvenile or as an adult. The State's witnesses included the juvenile probation and parole officer assigned to Child as a result of Child's earlier delinquent conduct as well as a clinical psychologist. Both witnesses proffered testimony supporting the conclusion that Child was not amenable to treatment. Child called six witnesses. Two teachers, a long-time friend of Child's father, and Child's youth pastor spoke to Child's character and motivation to improve himself. Child's father briefly testified about the circumstances surrounding Child's noncompliance with his then existing probationary status. Child also called his own clinical psychologist, and she offered testimony supporting the conclusion that Child

3

was amenable to treatment.

The court concluded that Child was not amenable to treatment and sentenced Child as an adult to a total of four and one-half years' confinement: three years' incarceration for the aggravated battery charge and eighteen months' incarceration for the conspiracy charge. Child appeals his sentence.

**DISCUSSION**

We begin with Child's argument regarding the constitutionality of Section 32A-2-20. Child contends that *Apprendi v. New Jersey*, 530 U.S. 466 (2000) entitled him to have a jury decide the issue of his amenability. We review this claim de novo. *See State v. DeGraff*, 2006-NMSC-011, ¶ 6, 139 N.M. 211, 131 P.3d 61 ("[The defendant's] arguments primarily raise questions of constitutional law, which we review de novo.").

In the recently decided case of *State v. Rudy B.*, 2010-NMSC-045, ¶ 1, 149 N.M. 22, 243 P.3d 726, our Supreme Court examined Section 32A-2-20 and considered Child's issue: "whether the Sixth Amendment right to a jury trial requires the amenability determination to be made by the jury or by the trial judge." Explaining that "the amenability determination historically has not been made by the jury [and that] applying *Apprendi* would interfere unnecessarily with New Mexico's traditional discretion in administering a system of juvenile justice[,]" *Rudy B.*, 2010-

NMSC-045, ¶ 59, our Supreme Court held that the Sixth Amendment does not require that a jury perform the amenability determination and upheld "from constitutional challenge New Mexico's statutory preference for judge-made amenability decisions." *Rudy B.*, 2010-NMSC-045, ¶ 2. In light of *Rudy B.*, we reject Child's constitutional challenge to Section 32A-2-20 and his assertion that the amenability determination is a matter exclusively for a jury. We proceed to Child's remaining argument on appeal.

Child next claims that the district court abused its discretion in determining that Child was not amenable to treatment or, in the alternative, that there was insufficient evidence for such a determination. The State counters that Child waived this argument by entering into the plea agreement. We need not evaluate the waiver argument because the State prevails on the sufficiency questions.

"Whether [a d]efendant is amenable to treatment or rehabilitation as a child is a determination ultimately left to the discretion of the district court." *State v. Todisco*, 2000-NMCA-064, ¶ 36, 129 N.M. 310, 6 P.3d 1032 (internal quotation marks and citation omitted); *see State v. Sosa*, 1997-NMSC-032, ¶ 9, 123 N.M. 564, 943 P.2d 1017 (same). "We review non-amenability findings for substantial evidence or abuse of discretion." *State v. Trujillo*, 2009-NMCA-128, ¶ 13, 147 N.M. 334, 222 P.3d 1040, *cert. granted*, 2009-NMCERT-011, 147 N.M. 464, 225 P.3d 794. "[A] district court abuses its discretion when its decision is not supported by substantial evidence."

5

*State v. Solano*, 2009-NMCA-098, ¶ 7, 146 N.M. 831, 215 P.3d 769 (internal quotation marks and citation omitted), *cert. denied*, 2009-NMCERT-007, 147 N.M. 363, 223 P.3d 360. Similarly, "[i]n assessing a claim of evidentiary insufficiency, this Court asks whether substantial evidence supports the court's decision." *State v. Gonzales*, 2001-NMCA-025, ¶ 40, 130 N.M. 341, 24 P.3d 776, *overruled on other grounds as recognized by Rudy B.*, 2010-NMSC-045, ¶ 1. "Substantial evidence is relevant evidence that a reasonable mind would accept as adequate to support a conclusion." *Id.* (internal quotation marks and citation omitted). We view the evidence in the light most favorable to the decision below, resolve all conflicts and indulge all permissible inferences to uphold that decision, and disregard all evidence and inferences to the contrary. *Id.* "It is the factfinder's prerogative to weigh the evidence and to judge the credibility of the witnesses. The court [is] free to disregard expert opinion." *Trujillo*, 2009-NMCA-128, ¶ 18 (internal quotation marks and citations omitted).

Child argues that there was no witness testimony that he was not amenable to treatment. This claim is not borne out by the record. The following exchange occurred during the State's direct examination of Dr. Siegel, the State's clinical psychologist:

> Q.     Doctor, you stated earlier . . . that, basically, [Child] refused to admit his involvement in the incident for which he had already

6

accepted criminal responsibility; is that correct?

> A.    Yes.  That's correct.
>
> Q.    Now, you've briefly touched on each of the amenability factors, and you also—if I hear you correctly, you're saying that without this willingness to accept responsibility and to admit fault that he's not amenable to treatment; is that correct?
>
> A.    Yes.

During cross examination, Dr. Siegel did indicate that Child was "amenable" to treatment in the narrow sense that Child would likely do well in an institutional setting.  However, Dr. Siegel clarified that this was, in his view, a matter apart from whether Child was amenable to treatment for purposes of rehabilitation.  Dr. Siegel offered the following explanation:

> Can he be rehabilitated within the facility?  Yes.
> Can he be rehabilitated well enough to take out in the real world by age 21?  I say no.  That's the problem I have with him.
> He is immature already at 18, so he's got longer to go to get there. . . .
> . . . The problem is, at 21, he walks out the door.  So what's the prediction that he's going to be able to gain from the facility well enough to walk out the door and behave well?  His denial of what's wrong with him, that attitude he has, doesn't bode well for him.  That's the bottom line of what I'm saying.

Child appears to argue that Dr. Siegel's testimony cannot, as a matter of law, support a determination that Child was not amenable to treatment in light of the fact that Dr. Siegel conceded Child would respond positively to institutional treatment. Child claims that "[o]nly a finding that [Child] was not amenable to treatment without any caveats or qualifications can subject him to adult sanctions."  The authority

7

Defendant cites for this proposition, *Gonzales*, does not so hold. Rather, *Gonzales* instructs that "[t]he determination of a youthful offender's amenability to treatment within the juvenile system is a question of the prospects for rehabilitation of the child." 2001-NMCA-025, ¶ 25. The import of Dr. Siegel's testimony is clear: Child could not be rehabilitated if sentenced as a juvenile because such a sentence would be insufficiently short, Child would have to be released at the age of twenty-one. The district court could rely on this testimony in concluding that Child was not amenable to treatment as a juvenile. *See Sosa*, 1997-NMSC-032, ¶ 10 ("The court noted that the brief period of treatment available to [the defendant] was insufficient to accomplish rehabilitation and protection of the public, providing further support for an adult sentence.").

Child's arguments also ignore the non-witness evidence. In its findings of fact and conclusions of law, the district court identified a variety of non-witness evidence bearing on the factors in Section 32A-2-20(C). The district court observed that the incident for which Child was charged was violent, involved a person, and resulted in a homicide; that Child has a history of ignoring school rules and court orders; and that Child has a general disregard for the rights of others. Consequently, we conclude that there was substantial evidence to support the district court's determination that Child was not amenable to treatment.

8

**CONCLUSION**

For the foregoing reasons, the sentence imposed by the district court is affirmed.

**IT IS SO ORDERED.**

_____

**CELIA FOY CASTILLO, Chief Judge**

**WE CONCUR:**

_____

**JONATHAN B. SUTIN, Judge**

_____

**CYNTHIA A. FRY, Judge**